UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DALTON BELL,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES PAROLE COMMISSION, et al.,<br><br>    Respondent. | Case No. 16-cv-03568-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner James Dalton Bell was convicted in a federal criminal action in the Western District of Washington under case number CR 00-5731 BHS. It appears that his period of custody and supervised release has ended. On June 24, 2016, he filed a pleading which he identifies as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a False Claims Act petition under 31 U.S.C. § 3729, et seq. The petition is filed on behalf of all federal prisoners or parolees sentenced prior to the November 1, 1987 Sentencing Reform Act. Petitioner argues that members of this class are being illegally retained in custody because they were required to be given a release date prior to October 31, 2002, when the "Parole Commission and associated laws expired." Dkt. No. 1 at 4-5.

Petitioner has filed similar petitions in federal courts nationwide. *See e.g., Bell v. United States*, No. 1:08-CV-0633 (D.D.C.) (filed April 11, 2008) (dismissed *sua sponte* April 11, 2008); *Bell v. United States*, No. 1:07-CV-0099 (D. N.D.) (filed Dec. 31, 2007) (dismissed *sua sponte* Mar. 20, 2008); *Bell v. United States*, No. 4:07-CV-0196 (S.D. Ga.) (filed Dec. 18, 2007) (dismissed *sua sponte* Jan. 23, 2008); *Bell v. United States*, No. 2:08-CV-0002 (W.D. Pa.) (filed Jan. 2, 2008) (dismissed *sua sponte* Mar. 13, 2008); *Bell v. United States*, No. 1:08-CV-0132 (N.D. Ga.) (filed Jan. 9, 2008) (dismissed *sua sponte* Mar. 18, 2008); *Bell v. United States*, No.

1  6:08-CV-0052 (E.D. Okla.) (filed Feb. 11, 2008) (dismissed *sua sponte* Feb. 15, 2008); *Bell v.*
2  *United States*, No. 4:08-CV-0225 (W.D. Mo.) (filed Feb. 12, 2008) (dismissed *sua sponte* Mar. 4,
3  2008); *Bell v. United States*, No. 4:08-CV-0101 (W.D. Mo.) (filed Feb. 12, 2008) (dismissed *sua*
4  *sponte* Feb. 20, 2008); *Bell v. United States*, No. 7:08-CV-0107 (W.D. Va.) (filed Feb. 12, 2008)
5  (dismissed *sua sponte* Feb. 19, 2008); *Bell v. United States*, No. 9:08-CV-0021 (D. Mont.) (filed
6  Feb. 15, 2008) (dismissed *sua sponte* Feb. 22, 2008); *Bell v. United States*, No. 1:08-CV-0197
7  (S.D. Ind.) (filed Feb. 15, 2008) (dismissed *sua sponte* Mar. 3, 2008); *Bell v. United States*, No.
8  3:08-CV- 0173 (S.D. Ill.) (filed Mar. 5, 2008).[1]

Petitioner lacks standing to represent the class of all federal prisoners or parolees sentenced prior to the November 1, 1987 Sentencing Reform Act. Petitioner himself was not sentenced prior to November 1, 1987. Nor is he in custody. Thus he is not a member of the proposed class. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (to prove standing, the party invoking federal jurisdiction must demonstrate, among other things, that he has suffered actual or imminent particularized harm and that a favorable judicial decision would redress that harm). Further, petitioner cannot serve as "next friend" for the proposed class members because he has not provided an "adequate explanation . . . why the real part[ies] in interest cannot appear on [their] own behalf to prosecute the action" or shown that he is "truly dedicated to the bests interests of the person[s] on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

To the extent petitioner seeks to vacate his own conviction or sentence, he must file a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the court where he was convicted and sentenced. *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991). Because petitioner is not confined within the jurisdiction of this court and was not sentenced by this court, the current petition must be dismissed without prejudice for lack of jurisdiction.

With respect to petitioner's claims under the False Claims Act, petitioner offers no

---

[1] This list is not exhaustive. According to the Public Access to Court Electronic Records ("PACER") system, petitioner filed at least 50 petitions in the federal district courts between 2007 and 2011.

elaboration as to how this statute relates, if at all, to his habeas petition or any proposed claims. Plaintiff appears to misunderstand the nature of a qui tam action under the False Claims Act. The Act allows a private person ("relator") to bring a civil action for a violation of the Act for the person and for the United States Government. 31 U.S.C. § 3730(b)(1). "Despite the fact that the relator is entitled to share in the recovery, in qui tam actions, the government remains at all times the 'real party in interest.'" *United States ex rel. Schwartz v. TRW*, Inc., 118 F. Supp. 2d 991, 994 (C.D. Cal. 2000) (quoting *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994)). In any event, a non-lawyer proceeding *in propria persona* cannot represent the United States in a qui tam action under False Claims Act. *See Schwartz*, 118 F. Supp. 2d at 993-96.

Based on the foregoing, the petition is DISMISSED without prejudice to re-filing in the appropriate district. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

The Clerk shall enter judgment, terminate all pending motions as moot, and close the file.

**IT IS SO ORDERED.**

Dated: 10/28/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge